IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **No. 3:25-cr-28-DPM**

**ROBERT ANDREW WALKER** **DEFENDANT**

# ORDER

This Northern Division case is set for trial in Jonesboro starting on 30 November 2026. Walker seeks to change the trial venue to the Central Division in Little Rock, plus to prohibit restraints during the trial wherever it is held. The United States opposes relief on both issues. Walker is in custody. He hasn't sought bond, which he says is because of housing challenges.

The general legal principle is statutory. "Court for the Northern Division shall be held at Jonesboro." 28 U.S.C § 83(a)(3). Federal Rule of Criminal Procedure 18 provides specific guidance. The Court must give due regard for all the material circumstances when setting the place of trial within the District.

This case was set for trial in Jonesboro a year ago. Walker is alleged to have threatened various public officials on social media. He was apparently in Tennessee near Memphis at the time. Memphis is on the edge of the Northern Division, an hour from Jonesboro. Most of the potential witnesses for both sides are federal law

enforcement officers based in Jonesboro. The investigation was run out of the FBI's Jonesboro office. One potential witness is from Little Rock; another is from Memphis; and two are from out of state. The convenience of the witnesses weighs for Jonesboro. Walker does not argue otherwise.

The alleged victims' convenience is material. But none are expected to testify. Walker's convenience, and that of family and friends, is material, too. No argument is made, though, on these grounds. Walker is in custody. And of course he will be able to work with his lawyers during the trial week, before and after court, wherever the trial is held.

Walker seeks the venue change based on facility issues. He says the layout of the Jonesboro courthouse makes it likely jurors will see him in custody, while the facilities in Little Rock make that possibility less likely. While the courthouses are materially different, the Marshal Service is vigilant about not mixing in-custody defendants and jurors in Jonesboro and in Helena, the Delta Division courthouse. They have much experience in these circumstances. Jurors and in-custody defendants don't ride the elevator together. They don't mix in the halls. In-custody defendants are moved around when jurors are not present on site or are sequestered in the jury room. In these circumstances, the Court knows of no instance where a juror and an in-custody defendant have encountered each other in Jonesboro during a trial.

When restraints are a concern, the Court likewise knows of no instance where jurors have seen a defendant's restraints because of the layout of the Jonesboro courthouse. No circumstances are perfect, but the Court is confident that the potential difficulty Walker identifies can and will be avoided.

The catch-all consideration under Rule 18 is the prompt administration of justice. Given the long-standing trial location, the convenience of most of the likely witnesses, and the planning that has already been done, a location change is unjustified.

*

The Court denies the part of the motion, *Doc. 37*, seeking a venue change. The embedded restraints issue remains under advisement.

So Ordered.

D.P. Marshall Jr.
D.P. Marshall Jr.
United States District Judge

17 November 2026