**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **No. 3:25-cr-28-DPM**

**ROBERT ANDREW WALKER** **DEFENDANT**

**ORDER**

Walker's request to be unrestrained during trial remains pending. The Court has considered all the materials of record about him, the precedent, and the parties' briefs. The Marshal has investigated Walker's background; based on that investigation, he recommends silenced and hidden leg shackles.

Walker is charged with threatening several high-ranking federal officials on social media. His defense is the First Amendment. The record so far does not reflect any step taken to put words into action. Walker has no criminal history. There's no indication of other violence in his background. There's no information about specialized training or work experience that might increase risk in the courtroom. Walker is a middle-aged truck driver. He's in custody, but has not sought bond, saying he has no good housing options. He has not had any disciplinary issues while in custody. He's been in several facilities since the summer of 2025. He has made no escape attempts. His mental examinations and his tweets reflect firm religious beliefs. The jury will

decide whether his tweets were true threats. They do show deep anger about the United States government. This Court is a part of that government. And the charges, custody, and the judicial process are the government's firm hand directly on Walker. That pressure would discombobulate any person.

Our law presumes Walker's innocence of the charges. Visible restraints during trial can undermine that foundational presumption, suggesting dangerousness to the jury. Some defendants, though, pose risks that must be addressed to protect everyone involved in administering justice under law in a trial. Hidden restraints and other measures, to avoid exposing a restrained defendant to jurors, are often the best middle ground. Showing commendable caution, that's the Marshal's suggestion here. Due process requires the Court to make an individualized assessment, exercising its discretion about Walker—his particulars, the risks presented, the options, and the specific governmental interests. *Deck v. Missouri*, 544 U.S. 622, 629 (2005); *United States v. Mahasin*, 442 F.3d 687, 690–91 (8th Cir. 2006).

No sufficient reason exists for Walker to be restrained in any way visible to the jury. He should not, for example, be handcuffed. But hidden and taped (or otherwise muffled) leg shackles are a modest and prudent step. All the counsel tables will have skirts, so jurors cannot see the shackles. They will not inhibit his free collaboration with counsel. The Marshal will follow his usual drill on moving Walker, so

the jurors will not see his restraints in the hallway or elevator before or after court. See the Court's prior Order on venue, *Doc. 50*. If Walker decides to testify, and if his nonthreatening behavior continues during the trial, then he can walk to the witness stand unrestrained, just like any other witness. In anticipation of this possibility, the Marshals and CSOs should rotate around the courtroom during trial, so it does not appear unusual when a Marshal is posted by the witness stand during Walker's testimony. All these steps are the best way to preserve the presumption of innocence—in substance and appearance—during trial while reducing risk in a case where the defendant has a history of non-violence but stands charged with making many true threats.

*

The rest of *Doc. 37* is granted as specified and otherwise denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

24 November 2026