**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **No. 3:25-cr-28-DPM**

**ROBERT ANDREW WALKER** **DEFENDANT**

**ORDER**

**1.** Walker's objections and suggestions, *Doc. 62*, are appreciated. The Court's *voir dire* and preliminary instructions are attached. An updated version of the draft final instructions is attached, too.

**2.** Motion, *Doc. 40*, granted. The attached motion with the complete signature block, *Doc. 40-1*, is deemed filed. The original motion, *Doc. 38*, is denied as moot.

**3.** The government's motion to prohibit Walker from eliciting his own prior statement, *Doc. 40-1*, is granted in part as specified and denied in part without prejudice. The Court appreciates the parties raising this issue ahead of trial, but the Rule 106 and hearsay issues cannot be sorted until the Court knows what portions of the statement the government intends to introduce. *E.g., United States v. Roberts*, 86 F.4th 1183, 1188–89 (8th Cir. 2023). Given the uncertainty about whether Walker will be permitted to introduce additional portions of

his prior statement, his counsel must steer clear of Walker's earlier comments during opening statement.

**4.** Walker's motion for a bill of particulars, *Doc. 41*, is denied as moot. Walker informally confirmed that the government has resolved any ambiguity.

**5.** Walker's motion about using the words threat and threatening, *Doc. 42*, is denied. The parties are prohibited from eliciting testimony about whether Walker's alleged statements were true threats. But testimony that something was threatening, or that Walker threatened someone, doesn't go too far. Walker can, of course, object to specific testimony during trial. And the Court will instruct the jury about what constitutes a "true threat" in both the preliminary and final instructions. Walker's motion on the instruction point, *Doc. 45*, is granted.

**6.** The government's motion to preclude First Amendment testimony, *Doc. 39*, is granted in part as unopposed and denied in part. Walker no longer intends to call a law professor to opine that his alleged speech was protected by the First Amendment. The Court would have prohibited it. But his lawyers can argue that the government has failed to show beyond a reasonable doubt that his alleged speech rose to the level of a true threat. That appears to be what this case boils down to.

**7.** Walker's unripe motions, *Doc. 58 & 60*, are noted. On the Bible verses point, the Court's inclination is that some references in opening statement would be fine, but reserves a ruling until hearing from the government.

*

Motions, *Doc. 40 & 45*, granted. Motions, *Doc. 40-1 & 39*, granted in part and denied in part. Motions, *Doc. 38, 41 & 42*, denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

24 November 2026